[111]    DEN, EX DEM. INSKEEP, v. LECONY.

1. A *fi. fa.* tested out of term is not absolutely void, but may be
amended.

2. The act of December, 1743, does not declare that process not inspect-
ed and recorded, and the estates sold under such process, are void.

3. Judgment and proceedings may be avoided, but, until this is done,
they may be justified under, as the solemn acts of the court.

4. When process is amendable, it will be considered as done whenever
the objection is taken.

This cause was tried at bar in November Term, 1790, at
which time the points here again noticed were debated on
evidence, the defendant having demurred to the evidence.
The demurrer was argued by *Read* and *Stockton* for the de-
fendant, and *Leake* for the plaintiff.

KINSEY, C. J., now delivered the opinion of the court.

It has been argued : 1st. That the plaintiff deduced no
title because the *testatum fi. fa.* upon which the sheriff sold
the land to Inskeep appeared to be tested out of term, and so
perfectly void and of no sort of authority.

2d. That the *testatum fi. fa.* was not inspected, and for that
reason void as an execution against land.

Den, ex dem. Inskeep, v. Lecony.

On the first exception, it was urged that the process on which the deed was founded, being a mere nullity, the deed of course could convey no title. The sheriff acts under the writ, and if it be no writ, he can make no sale upon it. As to this, it is certainly true that some cases are to be found which go to the length of saying a writ tested out of term is void, in the full extent of the term; and, at common law, certainly the fault is incurable; it was so held, also, in the time of William III., since the *Stats. of Jeofails*, with, however, much reluctance. But a more liberal and just opinion on that subject has latterly prevailed, and the settled doctrine now is, that a teste out of term may be amended. *Wright* v. *Macevoy, Sayer* 12, 25 *Geo. II.* This doctrine is also established by later cases. (*Vide Tidd's Prac.* 913.) It is true the amendment was not made when the writ was offered; but that is not necessary, for if it might be amended, the court would consider it as done.

3d. It has been argued that the *fi. fa.* was utterly void, because the judgment and process were not inspected; and the words of the act of assembly have been relied on, which are, "That no process against real estates shall issue until one of the judges of the Supreme Court shall have inspected the record of the judgment, and thereon certified that he has in-[112]-spected the same, and therein no error is apparent to him; and, in like manner, one of the said judges shall inspect the process to be issued and certify thereon, as aforesaid, and the said judgment and process, with such certificates, shall be recorded, &c., before sending such process to any sheriff or other officer or officers."

These words are said to go the full length of an express legislative declaration, that real estate shall not be sold by *fi. fa.* unless that *fi. fa.* is inspected and recorded; and that the construction must be the same as if the act had declared all void without this inspection and record. As to this question, I shall consider it—on the seventh and eighth sections of the act in *Allinson*, 2d December, 1743—without regard to the act of August 30th, 1784, section fifteen, which, it has

been contended, does not repeal the former act in this particular. The first does in no part declare that process not inspected and recorded shall be void, and the estates sold under it. On the contrary, it is evident that this regulation was designed the better to secure purchasers against errors in the judgment and process; for the eighth section provides, that after such inspection and record, no reversal of the judgment shall affect purchasers, and the reasons preceding the enacting part of the seventh section prove this incontestibly. This act, then, was designed to add a new security, and not to abridge or lessen the precedent rights of purchasers at common law.

Many cases have been cited on the point of void proceedings, and the counsel for the defendant have considered the term " void," frequently used in the books, in its most unlimited sense, as implying an act of no effect at all, and being a nullity, *ab initio*. But this is a mistake; when the term is used in reference to the solemn judgments and acts of the superior courts it means no more than *voidable*. The judgment or proceeding may be avoided, but until this is done in the direct and regular course of revision, they stand, are available, and may be justified under as the solemn acts of the courts. This also is reasonable, or it would follow that inferior courts might decide upon the proceedings of the superior by declaring them void, and the superior, by examin-[113]-ing such questions, incidentally or collaterally, deprive the party of his more solemn and orderly redress.

To this point, the Chief Justice cited the case of *Hall* v. *Briggs*, 2 *Salk.* 674. He said it did not follow, that when a statute directed a thing to be done in a certain way, that all other modes are null and void. The statute of administrations directs administration of intestates' estates to be granted to the widow or next of kin, and yet the grant of it to another is not void, until pronounced so, in a course of revision. See the case of *Blackborough* v. *Davies*, 1 *Ray.* 685.

It would be attended with great injury, to construe acts of the superior courts void, for every variation from the strict rule of proceeding. There is a case in 1 *Vesey*, where, after a

*ca. sa.* executed, a *fi. fa.* was taken out, and a term sold upon it. This was a great irregularity, so much so, that Lord Hardwicke said the *fi. fa.* would have been set aside on motion. Yet he held the sale good, because the sheriff might have justified under the writ. If so, an officer may justify under a void writ, for all irregular writs are so. There is so much inattention among the practitioners and officers, that a liberal construction to protect property is necessary to the peace and security of individuals.

CITED *in Den* v. *Tomlin,* 4 *Harr.* 76.